

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

LINDA HANNA and GARY HANNA,    §
            Plaintiffs,    §
                      §
vs.                         §    CIVIL ACTION NO. 4:17-03273-MGL
                      §
DILLON POLICE DEPARTMENT, and   §
CORPORAL BRIAN GENWRIGHT,    §
individually and as an employee of Dillon   §
Police Department,            §
           Defendants.    §

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs Linda Hanna (Mrs. Hanna) and Gary Hanna (Mr. Hanna) (collectively, the Hannas) filed this lawsuit against Defendant Dillon Police Department (Dillon P.D.) and Corporal Brian Genwright (Genwright) (collectively, Defendants). They brought their claims against Genwright both in his individual and official capacity as an employee of the Dillon P.D.

Mrs. Hanna makes section 1983 claims against Defendants of unlawful arrest, unlawful detention, and excessive force, and state law claims against Genwright of assault, battery, and intentional infliction of emotional distress. In addition, Mr. Hanna asserts a claim for loss of consortium against Defendants.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' motion for summary judgment be granted

in part and denied in part. Specifically, the Magistrate Judge suggests Defendants' motion be granted as to: (1) Mrs. Hanna's section 1983 claim for unlawful arrest against Defendants, (2) all of her other section 1983 claims against the Dillon P.D., (3) her state law claim for intentional infliction of emotional distress against Genwright, and (3) Mr. Hanna's claim for loss of consortium against Defendants.

The Magistrate Judge recommends Defendants' motion for summary judgment be denied, however, with respect to: (1) Mrs. Hanna's section 1983 claims against Genwright for unlawful detention and excessive force, as well as (2) her state law claims against him for assault and battery. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 20, 2019, Defendants filed their objections on July 3, 2019, and the Hannas filed their reply to Defendants' objections on July 17, 2019. The Court has carefully reviewed Defendants' objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Hannas failed to file any objections to the Magistrate Judge's suggestion the Court grant summary judgment on certain of their claims. "[I]n the absence of a timely filed objection [to those

portions of the Report, the Court] need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

According to the Complaint, "[o]n or about December 9, 2015, [Mrs.] Hanna was operating in her capacity as a transportation supervisor for Dillon County School District Four when she boarded a school bus that was stopped for a fight between students." Complaint ¶ 10. "Genwright was operating in his capacity as an officer with Defendant Dillon [P.D.] when he was dispatched to the scene as a result of the fight between students." *Id.* ¶ 11

"Genwright entered the school bus at the same time as [Mrs.] Hanna." *Id.* ¶ 12. "Genwright attempted to release a student on the school bus to a gentleman standing outside the bus after [Mrs.] Hanna said she could not release the child to anyone without the child being signed out at school, per Dillon County School policy." *Id.* ¶ 13. "[Mrs.] Hanna further explained to . . . Genwright she had not verified the gentleman outside the bus was the student's custodial parent." *Id.* ¶ 14.

"In response to [Mrs.] Hanna's . . . concern for the student's safety and the district policies, . . . Genwright, . . . handcuffed [Mrs.] Hanna and pulled her down the isle of the school bus." *Id.* ¶ 15. "Once the student was off the bus, . . . Genwright removed the handcuffs from [her]." *Id.* ¶ 16. "[Mrs.] Hanna was never charged with any crime." *Id.* ¶ 17.

First, Defendants contend the Magistrate Judge erred in suggesting the Court deny their motion for summary judgment on Hanna's claims against Genwright for assault and battery. The Court disagrees.

Defendants contend "Genwright was clearly acting within the course and scope of his employment with the City of Dillon [P.D.]." Objections 2. They argue "that his intention in handcuffing [Mrs. Hanna] was to maintain control and prevent the situation from escalating." *Id*. According to Defendants, Mrs. Hanna "has come forward with no evidence . . . Genwright's actions were done with the intent to cause her harm." *Id*.

The Hannas, however, state "the actions of Defendant Genwright were committed with both actual malice and intent to harm because . . . Genwright knew or should have known that he had no foundation to violate [Mrs.] Hanna's rights by detaining her and in doing so committing an assault and battery with the intent to harm and/or with actual malice." Hanna's Reply 4. According to the Hannas, "[w]hether or not the acts were committed with actual malice and/or intent to harm is a genuine issue of material fact." *Id*.

The South Carolina Tort Claims Act provides to the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability for any tort, except as waived therein. S.C. Code Ann. § 15-78-20(b). Section 15-78-70(a) states that "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefore except as expressly provided for in subsection (b)." As per subsection (b), an employee does not have immunity from suit, "if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b).

"[A]n assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant, and a battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree." *Jones by Robinson v. Winn-Dixie Greenville, Inc.*, 456 S.E.2d 429, 432 (S.C. Ct. App. 1995). Although a law enforcement officer can use the measure of force under the circumstance, she will be liable for assault and/or battery if she uses force greater than is reasonably necessary. *See Jenkins v. Averett*, 424 F.2d 1228, 1231 (4th Cir.1970) (applying North Carolina law).

As detailed below, there is an issue of material fact as to Mrs. Hanna's constitutional claims of unlawful detention and use of excessive force against Genwright. Consequently, the question of whether Genwright is entitled to statutory immunity on Mrs. Hanna's assault and battery claims also involves genuine issues of material fact. And, when material facts are disputed, summary judgment is inappropriate. Accordingly, the Court will overrule Defendants' first objection.

Second, Defendants submit the Magistrate Judge is incorrect in recommending the Court deny qualified immunity and summary judgment on Mrs. Hana's section 1983 claims for unlawful detention and excessive force against Genwright. The Court is unpersuaded.

Defendants' second objection is brief and conclusory. They offer no specific objection to the Magistrate Judge's suggestion the Court should deny their motion for summary judgment on Mrs. Hanna's unlawful detention and excessive force claims. Nevertheless, in an abundance of caution, the Court has made a de novo review of that portion of the Report.

"Qualified immunity shields . . . [government] officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*,

563 U.S. 731, 735 (2011).  "The plaintiff bears the burden of proof on the first question—i.e., whether a constitutional violation occurred."  *Henry v. Purnell*, 501 F.3d 374, 377–78 (4th Cir. 2007) (citation omitted).  And, "[t]he defendant bears the burden of proof on the second question—i.e., entitlement to qualified immunity.  *Id*. (citation omitted).

As to the second question, on the date of Mrs. Hanna and Genwright's encounter, it was clearly established "[a] police officer may elevate a police-citizen encounter into an investigatory detention only if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause."  *United States v. Burton*, 228 F.3d 524, 527 (4th Cir. 2000) (citation omitted) (internal quotation marks omitted).  It was also clearly established "that a police officer was not entitled to use unnecessary, gratuitous, and disproportionate force against a handcuffed, secured citizen, who posed no threat to the officer or others and had neither committed, nor was suspected of committing, any crime."  *Jones v. Buchanan*, 325 F.3d 520, 534 (4th Cir. 2003).

"[T]he narrow threshold question whether a right allegedly violated was clearly established at the appropriate level of inquiry and at the time of the challenged conduct is always a matter of law for the court, hence is always capable of decision at the summary judgment stage."  *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)   "Whether the conduct allegedly violative of the right actually occurred or, if so, whether a reasonable officer would have known that [the] conduct would violate the right, however, may or may not be then subject to determination as a matter of law."  *Id.* "If there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial."  *Id.*

Genuine issues of material fact exist as to Mrs. Hanna's constitutional claims with respect to her complaint of unlawful detention when Genwright handcuffed her and her assertion of excessive force when he handcuffed her. This is so because the Court is unable to say at this stage whether Genwright's actions were objectively reasonable under the circumstances. Therefore, summary judgment is inappropriate on these two claims. As such, the Court will also overrule Defendants' second objection.

Third, Defendants ask the Court to clarify whether the Magistrate Judge is suggesting all claims against the Dillon P.D. be dismissed. Simply stated, the answer is "Yes."

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendants' objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

To be specific, Defendants' motion is **GRANTED** as to: (1) Mrs. Hanna's section 1983 claim for unlawful arrest against Defendants, (2) all of her other section 1983 claims against the Dillon P.D., (3) her state law claim for intentional infliction of emotional distress against Genwright, and (3) Mr. Hanna's claim for loss of consortium against Defendants.

Defendants' motion for summary judgment is **DENIED**, however, with respect to: (1) Mrs. Hanna's section 1983 claims for unlawful detention and excessive force against Genwright, as well as (2) her state law claims for assault and battery against him.

**IT IS SO ORDERED**.

Signed this 27th day of August, 2018, in Columbia, South Carolina.

<div style="margin-left:auto;width:40%">

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

</div>